[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11525

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FREDDY DIAZ-MEDINA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00126-GAP-LRH-1

_____

Before LUCK, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Freddy Diaz-Medina, a federal prisoner proceeding *pro se*[1] on appeal, appeals the district court's denial of his counseled motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). No reversible error has been shown; we affirm.

In 2019, Diaz-Medina pleaded guilty (in two separate criminal proceedings) to two counts of conspiracy to distribute and to possess with intent to distribute a controlled substance, including 5 kilograms of cocaine and 1 kilogram of heroin, and guilty to one count of conspiracy to violate the Travel Act. In a single sentencing proceeding, the sentencing court imposed a total sentence of 135 months' imprisonment. Diaz-Medina filed no direct appeal.

In March 2021, Diaz-Medina (through his lawyer) moved for compassionate release under section 3582(c)(1)(A), as amended by the First Step Act.[2] Diaz-Medina argued that his medical conditions (including obesity, asthma, Type 2 diabetes, and various heart conditions) put him at increased risk of serious illness if he were to

---

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[2] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

be reinfected with COVID-19.[3]  Diaz-Medina also alleged that the conditions in his prison facility prevented him from taking effective precautions against infection.

The district court denied Diaz-Medina's motion for compassionate release.  The district court first determined that Diaz-Medina had failed to demonstrate "extraordinary and compelling reasons" warranting relief within the meaning of U.S.S.G. § 1B1.13. The district court explained that Diaz-Medina had already contracted and recovered from COVID-19, had received a COVID-19 vaccination, and had not shown that he suffered from a terminal illness, experienced a substantially diminished ability to provide self-care while in prison, or family circumstances that warranted relief.

The district court also determined that the section 3553(a) factors weighed against a sentence reduction.  In particular, the district court said that granting Diaz-Medina a reduced sentence -- after Diaz-Medina had served only 6 months of his 135-month sentence -- would fail to reflect the seriousness of his offenses, promote respect for the law, and afford adequate deterrence.  The district

---

[3] Diaz-Medina tested positive for COVID-19 in June 2020, shortly after his sentencing hearing and before he was scheduled to self-surrender.  The sentencing court granted Diaz-Medina two extensions of time to self-surrender.  The sentencing court denied Diaz-Medina's third motion to extend his date for self-surrender, noting that Diaz-Medina had recovered from his COVID-19 infection and that his chronic medical conditions could be treated effectively while in prison.

court also noted that Diaz-Medina had violated prison rules by using an unauthorized cell phone.

We review for abuse of discretion the district court's decision about whether to grant or to deny a defendant compassionate release. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).

As amended by the First Step Act, section 3582(c)(1)(A) authorizes a district court to modify a term of imprisonment under these circumstances:

> [T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The policy statements applicable to section 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13; *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021). The commentary to section 1B1.13 identifies circumstances -- including a defendant's medical condition, age, and family circumstances -- that might

constitute extraordinary and compelling reasons.  U.S.S.G. § 1B1.13 comment. (n.1).

We have said that a district court may reduce a defendant's term of imprisonment under section 3582(c)(1)(A) only if each of these three conditions is met: "(1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and (3) doing so [would be consistent with] § 1B1.13's policy statement."  *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).  If the district court determines that a movant fails to satisfy one of these conditions, the district court may deny compassionate release without addressing the remaining conditions. *Id.* at 1237-38, 1240.

Under section 3553(a), a sentence must be sufficient (but not greater than necessary) to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and to protect the public from future crimes.  *See* 18 U.S.C. § 3553(a)(2).  A sentencing court should also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of available sentences, the guidelines range, the policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities.  *Id.* § 3553(a)(1), (3)-(7).

As an initial matter, Diaz-Medina argues that the district court erred by relying on U.S.S.G. § 1B1.13 in determining that Diaz-Medina had demonstrated no "extraordinary and compelling reasons" warranting relief.   Diaz-Medina's argument that the

district court was not bound by the policy statement in section 1B1.13 is foreclosed by our decision in *Bryant*. *See Bryant*, 996 F.3d at 1247 (concluding that section 1B1.13 remains the applicable policy statement for all motions filed under section 3582(c)(1)(A), including those filed by prisoners).

The district court abused no discretion in determining that the section 3553(a) factors weighed against granting Diaz-Medina compassionate release. Diaz-Medina's underlying convictions stem from his involvement and leadership role in two multi-kilogram drug-trafficking conspiracies. According to the Presentence Investigation Report, Diaz-Medina also had prior felony convictions for drug-trafficking and firearm offenses.

Given the serious nature of Diaz-Medina's offenses and Diaz-Medina's criminal history, the district court determined reasonably that a sentence reduction in this case would be inconsistent with the purposes of sentencing set forth in section 3553(a), including the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide adequate deterrence. That Diaz-Medina had by then served only 6 months of his 135-month sentence -- and had already violated prison rules and been disciplined for using an unauthorized cell phone -- further supports the district court's determination that the section 3553(a) factors weighed against a reduced sentence.

On appeal, Diaz-Medina contends that the district court failed to consider adequately the disparity between his sentence and the sentences of his co-defendants and the degree of his

cooperation and substantial assistance.  That the district court afforded more weight to Diaz-Medina's history and characteristics and to the seriousness of his offenses than the court did to mitigating factors is no abuse of discretion.  Cf. *United States v. Amedeo*, 487 F.3d 823, 832-33 (11th Cir. 2007) (stating that the weight given to a particular sentencing factor "is a matter committed to the sound discretion of the district court" and that the district court need not address explicitly each section 3553(a) factor or all mitigating evidence).

On this record, we cannot conclude that the district court abused its discretion in denying Diaz-Medina relief based upon the pertinent section 3553(a) factors.  Because we affirm the denial of compassionate release on that ground, we do not address the district court's alternative determination that Diaz-Medina demonstrated no "extraordinary and compelling reason" within the meaning of section 1B1.13.

AFFIRMED.